TROY LAW, PLLC
Aaron Schweitzer (AS 6369)
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
troylaw@troypllc.com
*Attorneys for the Plaintiff, proposed FLSA Collective and potential Rule 23 Class Plaintiffs*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

---------------------------------------------------------------------x

FENG MEI LI,
*on behalf of herself and others similarly situated,*
                             Plaintiff,

                v.

SOUP DUMPLING PLUS INC.
    d/b/a Soup Dumpling Plus,
ZHENCHI C LIANG,
JOHN LIN,
JOHN DOE, and
JOHN ROE,

                             Defendants.

---------------------------------------------------------------------x

**Case No: 2:18-cv-09887**

**29 U.S.C. § 216(b)
COLLECTIVE ACTION &
FED. R. CIV. P. 23 CLASS ACTION**

**COMPLAINT**

Plaintiff FENG MEI LI (hereafter "Plaintiff"), on behalf of herself and others similarly situated, by and through her attorneys, Troy Law, PLLC, hereby brings this complaint against SOUP DUMPLING PLUS INC. d/b/a Soup Dumpling Plus, ZHENCHI C LIANG, JOHN LIN, JOHN DOE, and JOHN ROE, (hereafter "Defendants") and alleges as follows:

## INTRODUCTION

1.    This action is brought by Plaintiff, on behalf of herself and other similarly situated employees against Defendants for alleged violations of the Fair Labor Standards Act, ("FLSA") 29 U.S.C. § 201 *et seq.* and of the New Jersey State Wage and Hour Law ("NJWHL") § 34:11-56 *et seq.*, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

1

2. Upon information and belief, Defendants willfully and intentionally committed widespread violations of the FLSA and the NJWHL by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, the statutory minimum wage and overtime compensation for all hours worked over forty (40) each workweek.

3. Upon information and belief, Defendants have failed to maintain accurate records of hours that Plaintiff and those similarly situated employed by Defendants work or worked, including work done in excess of forty (40) hours each workweek.

4. Plaintiff alleges pursuant to the FLSA, 29 U.S.C. § 216(b), that she is entitled to recover: (1) compensation for wages paid at less than the statutory minimum rate, (2) unpaid overtime compensation, (3) liquidated damages, (4) prejudgment and post-judgment interest and (5) reasonable attorney's fees and costs.

5. Plaintiff further alleges pursuant to the NJWHL that she is entitled to recover from Defendants: (1) compensation for wages paid at less than the statutory minimum wage, (2) unpaid overtime compensation, (3) liquidated damages equal to the sum of unpaid minimum wage and unpaid overtime, (4) prejudgment interest, (5) post-judgment interest and (6) reasonable attorney's fees and costs.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("FLSA"). The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

# THE PARTIES

**PLAINTIFF**

8. Plaintiff FENG MEI LI is a resident of Queens County, New York and was employed by Defendants as a chef at Soup Dumpling Plus, located at 1550 Lemoine Avenue, Suite 109, Fort Lee, NJ 07024.

**DEFENDANTS**

*Corporate Defendant*

9. Defendant SOUP DUMPLING PLUS INC. d/b/a Soup Dumpling Plus is a domestic business corporation organized under the laws of the State of New Jersey with a principal address at 1550 Lemoine Avenue, Suite 109, Fort Lee, NJ 07024.

10. Upon information and belief, SOUP DUMPLING PLUS INC. d/b/a Soup Dumpling Plus is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

11. Upon information and belief SOUP DUMPLING PLUS INC. d/b/a Soup Dumpling Plus purchased and handled goods moved in interstate commerce.

*Individual Defendants*

12. The Individual Defendants are officers, directors, managers, and/or majority shareholders or owners of the Corporate Defendant.

13. ZHENCHI C LIANG, upon information and belief the founder and a part owner and officer of SOUP DUMPLING PLUS INC. d/b/a Soup Dumpling Plus, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined employee rates and methods of payment, and (4) maintained employee records at SOUP DUMPLING PLUS INC. d/b/a Soup Dumpling Plus.

14. ZHENCHI C LIANG acted intentionally and maliciously and is an employer pursuant to

FLSA, 29 U.S.C. § 203(d), and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as NJWHL § 34:11-56a1(g) and regulations promulgated thereunder, and is jointly and severally liable with SOUP DUMPLING PLUS INC. d/b/a Soup Dumpling Plus.

15. JOHN LIN, upon information and belief a part owner and officer of SOUP DUMPLING PLUS INC. d/b/a Soup Dumpling Plus, and the manager of the dining room and kitchen workers at Soup Dumpling Plus, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined employee rates and methods of payment, and (4) maintained employee records at SOUP DUMPLING PLUS INC. d/b/a Soup Dumpling Plus.

16. JOHN LIN acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as NJWHL § 34:11-56a1(g) and regulations promulgated thereunder, and is jointly and severally liable with SOUP DUMPLING PLUS INC. d/b/a Soup Dumpling Plus.

17. JOHN DOE, upon information and belief a part owner and officer of SOUP DUMPLING PLUS INC. d/b/a Soup Dumpling Plus, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined employee rates and methods of payment, and (4) maintained employee records at SOUP DUMPLING PLUS INC. d/b/a Soup Dumpling Plus.

18. JOHN DOE acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as NJWHL § 34:11-56a1(g) and regulations promulgated thereunder, and is jointly and severally liable with SOUP DUMPLING PLUS INC. d/b/a Soup Dumpling Plus.

19. JOHN ROE, upon information and belief a part owner and officer of SOUP DUMPLING

PLUS INC. d/b/a Soup Dumpling Plus, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined employee rates and methods of payment, and (4) maintained employee records at SOUP DUMPLING PLUS INC. d/b/a Soup Dumpling Plus.

20. JOHN ROE acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as NJWHL § 34:11-56a1(g) and regulations promulgated thereunder, and is jointly and severally liable with SOUP DUMPLING PLUS INC. d/b/a Soup Dumpling Plus.

## STATEMENT OF FACTS

**DEFENDANTS COMMITTED THE FOLLOWING ALLEGED ACTS KNOWINGLY, INTENTIONALLY, AND WILLFULLY AGAINST THE PLAINTIFF, THE FLSA COLLECTIVE, AND THE CLASS**

21. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees at least the New Jersey minimum wage for each hour worked.

22. While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

23. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees their lawful overtime of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

24. At all relevant times, Defendants knowingly and willfully failed to keep full and accurate records of Plaintiff's hours worked and wages paid.

25. Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for wage violations.

26. At all relevant times, Defendants knowingly and willfully failed to furnish Plaintiff and similarly situated employees notice that they were claiming credits towards Plaintiff's and similarly situated employees' minimum wage.

27. Defendants knew that the nonpayment of wages for all hours worked and the nonpayment of wages at one and one-half time (1.5x) employees' regular rates would financially injure Plaintiff and similarly situated employees, and violate state and federal laws.

28. At all relevant times, Defendants failed to display New Jersey State Department of Labor posters required by NJWHL § 34:11-4.6.

**PLAINTIFF FENG MEI LI**

29. From on or about December 26, 2016 to June 11, 2017, Plaintiff FENG MEI LI was employed by Defendants to work as a chef at Soup Dumpling Plus, located at 1550 Lemoine Avenue, Suite 109, Fort Lee, NJ 07024.

30. At the time she was hired, Defendants required Plaintiff FENG MEI LI to sign a piece of paper in English. Plaintiff FENG MEI LI's primary language is Chinese; she could not read English.

31. Throughout her employment, Plaintiff FENG MEI LI's regular work schedule ran from 11:00 to 22:00, for eleven (11) hours per day, six (6) days per week, Fridays through Wednesdays, with Thursdays off.

32. In addition to her regular working time, Plaintiff FENG MEI LI was transported to and from work by a company van. On weekdays, the van would pick her up in Queens, NY at 10:00 and arrive at the restaurant at 11:00, would leave the restaurant at 22:00 and drop her off at 22:45. On weekends, when traffic was normally lighter, the van would pick her up at 10:30 and arrive at the restaurant at 11:00, would leave the restaurant at 22:00 and drop her off at 22:30.

33. Throughout her employment, Plaintiff FENG MEI LI was afforded no rest breaks during

the working day.

34. Throughout her employment, Plaintiff FENG MEI LI was afforded two meal breaks during the day. Each meal break lasted approximately ten (10) minutes. Plaintiff FENG MEI LI's meal breaks were not scheduled for fixed times during the day. Plaintiff FENG MEI LI ate when she could, when business was slack. If business picked up during her meal break, Plaintiff FENG MEI LI would be required to cut her meal break short.

35. Including the time coming and going to and from work in company transportation, Plaintiff FENG MEI LI worked seventy-five (75) hours per week. Not including the time coming and going from work in company transportation, FENG MEI LI worked sixty-six (66) hours per week.

36. Throughout her employment, Plaintiff FENG MEI LI was paid at a rate of three thousand dollars ($3,000.00) per month.

37. Throughout her employment, Plaintiff FENG MEI LI was paid her monthly salary in weekly installments of approximately six hundred ninety-two dollars ($692.00).

38. Throughout her employment, Plaintiff FENG MEI LI was not paid overtime for hours worked above forty (40) in any given workweek.

39. While employed by Defendants, Plaintiff FENG MEI LI was not exempt under federal and state laws requiring employers to pay employees overtime.

40. Plaintiff FENG MEI LI was not furnished with a statement of deductions from her wages for each payday.

## COLLECTIVE ACTION ALLEGATIONS

41. Plaintiff brings this action individually and on behalf of all other and former non-exempt employees of SOUP DUMPLING PLUS INC. d/b/a Soup Dumpling Plus, ZHENCHI C LIANG,

JOHN LIN, JOHN DOE, and JOHN ROE including but not limited to chefs, pastrymakers, fry woks, oil woks, miscellaneous kitchen workers, dishwashers, sorters, hosts, cashiers, and waiters who have been or were employed by Defendants for up to the three (3) years before the filing of the Complaint, through entry of judgment in this case (the "Collective Action Period") and who were not compensated at least the hourly minimum wage for all hours worked and/or at the time and one and one half rate of overtime hourly compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

42. Plaintiff brings her NJWHL claims pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is two (2) years before the filing of the Complaint as defined herein (the "Class Period").

43. All said persons, including Plaintiff, are referred to herein as the "Class."

44. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

*Numerosity*

45. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is

presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

*Commonality*

46.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a.     Whether Defendant employed Plaintiff and the Class within the meaning of the NJWHL;

   b.     Whether Plaintiff and Class members are entitled to overtime payment under the NJWHL;

   c.     Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiff and the Rule 23 Class their overtime due under the NJWHL;

   d.     Whether Defendants maintained a policy, pattern and/or practice of failing to provide requisite statutory meal periods;

   e.     Whether Defendants provided a notice detailing rates of pay and payday at the start of Plaintiff's and the Rule 23 Class's start of employment and/or or timely thereafter;

   f.     At what common rate, or rates subject to common method of calculation were and are Defendants required to pay the Class members for their work;

*Typicality*

47.     Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation. Defendants' corporate

wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices and procedures.

*Adequacy*

48. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent representing plaintiffs in both class action and wage and hour employment litigation cases.

*Superiority*

49. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure to Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by

individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

50. Upon information and belief, defendants and other employers throughout the state violate the NJWHL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I
### [Violations of the Fair Labor Standards Act—Failure to Pay Minimum Wage Brought on Behalf of Plaintiff and the FLSA Collective Action Members]

51. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

52. At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in "interstate commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

53. At all relevant times, Defendants employed "employees" including Plaintiff, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

54. Upon information and belief, at all relevant times, Defendants have had gross revenues in

excess of $500,000.

55.     The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. § 206(a).

56.     At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the collective action members, for some or all of the hours they worked.

57.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

58.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and collective action members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and collective action members.

## COUNT II
### [Violations of New Jersey Wage and Hour Law—Failure to Pay Minimum Wage Brought on Behalf of Plaintiff and Rule 23 Class]

59.     Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

60.     At all relevant times, Plaintiff was employed by Defendants within the meaning of the NJWHL.

61.     At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the collective action members, for some or all of the hours they worked.

62.     Defendants knowingly and willfully violated Plaintiff's and similarly situated Class Members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

63. Because of Defendants' failure to pay Plaintiff and the class, Plaintiff and Class Members are entitled to recover from Defendants their full unpaid minimum wage, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursement of the action pursuant to NJWHL §§ 34:11-56 *et seq.*

## COUNT III
### [Violations of the Fair Labor Standards Act—Failure to Pay Overtime Brought on Behalf of Plaintiff and the FLSA Collective Action Members]

64. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

65. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

66. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 U.S.C. § 216(b).

67. Defendants' failure to pay Plaintiff and the FLSA Collective Action Members their overtime pay violated the FLSA.

68. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at one and one half times the statutory rate to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

69. The FLSA and supporting regulations require employers to notify employees of

employment law requirements. 29 C.F.R. § 516.4.

70. Defendants knowingly and willfully failed to notify Plaintiff and the FLSA Collective Action Members of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and the FLSA Collective action members' labor.

71. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Collective Action Members the statutory overtime rate of one and one half for all hours worked in excess of forty (40) hours per week when they knew or should have known such failure would financially injure Plaintiff and Collective Action members.

## COUNT IV
### [Violation of New Jersey Labor Law—Failure to Pay Overtime Brought on Behalf of Plaintiff and Rule 23 Class]

72. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

73. At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff at one and one half times the hourly rate Plaintiff and the class are entitled to.

74. Defendants' failure to pay Plaintiff and the class was not in good faith.

75. Because of Defendants' failure to to pay Plaintiff and the class, Plaintiff and the Class Members are entitled to recover from Defendants their full unpaid overtime pay, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursement of the action pursuant to the NJWHL §§ 34:11-56 *et seq.*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself, and the FLSA Collective Plaintiffs and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

a) Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b) Certifying this case as a collective action pursuant to the FLSA;

c) Issuing notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsels to represent the Collective Action Members;

d) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NJWHL;

e) An injunction against Corporate Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices and policies set forth herein;

f) An award of unpaid overtime wages due under the FLSA and the NJWHL plus compensatory and liquidated damages;

g) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages, overtime compensation pursuant to 29 U.S.C. § 216;

h) An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, pursuant to the NJWHL;

i) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. § 216(b) and the NJWHL;

j) The cost and disbursements of this action;

k) An award of prejudgment and post-judgment fees;

l) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York
May 30, 2018

Respectfully submitted,

TROY LAW, PLLC

/s/ Aaron Schweitzer
Aaron Schweitzer
41-25 Kissena Boulevard Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
Email: troylaw@troypllc.com

*Attorneys for the Plaintiff, proposed FLSA Collective, and proposed Class*