**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| FENG MEI LI,, on behalf of herself and others similarly situated, | Civil Action No. 18-9887 (CCC) |
| **Plaintiff,** | |
| v. | |
| SOUP DUMPLING PLUS INC., d/b/a Soup Dumpling Plus, ZHENCHI C LIANG,  JOHN LIN, JOHN ROE and JOHN DOE, | **OPINION** |
| **Defendants.** | |

**FALK, U.S.M.J.**

This is a collective action for alleged underpayment of wages.  Before the Court is Plaintiff's motion for leave to amend her Complaint.  (CM/ECF No. 86.)  Defendants oppose the motion.  The motion is decided on the papers.  Fed.R.Civ.P. 78(b).  For the reasons set forth below, the motion is **granted in part, and denied in part**.

## BACKGROUND

Plaintiff, Feng Mei Li ("Plaintiff"), was employed by Defendant Soup Dumpling

Plus Inc. ("Soup Dumpling") as a chef from December 2016 to June 2017. (Compl. ¶ 29.) According to Plaintiff, Soup Dumpling, and its owners/operators, Defendants Zhenchi C. Liang ("Liang") and John Lin ("Lin"), knowingly failed to pay Plaintiff and similarly situated employees minimum wage for hours worked and overtime for hours worked in excess of forty in a work week. (Compl. ¶¶ 21-23.)

Plaintiff filed a Complaint on behalf of herself and other similarly situated employees against Soup Dumpling, Liang and Lin alleging that their employment practices were unlawful and asserting claims for violations of the Fair Labor Standards Act, ("FLSA") 29 U.S.C. § 201 *et seq.* and of the New Jersey State Wage and Hour Law ("NJWHL") § 34:11-56 *et seq.* Soup Dumpling and Liang (collectively "Defendants") filed an Answer on August 20, 2018. (CM/ECF No. 14.)[1]

The Court conducted a scheduling conference on October 26, 2018. An initial scheduling order was entered on October 29, 2018, closing discovery on June 1, 2019, and providing that any motions to amend the pleadings were to be filed by May 15, 2019. (CM/ECF No. 22.) Following several conferences before the Undersigned, Plaintiff moved to certify the matter as a conditional collective action which was granted by the District Judge on August 21, 2019. (CM/ECF Nos. 43 and 49.) Due to repeated discovery issues and motion practice, the scheduling order was amended at least twice, both times at Plaintiff's request. Specifically, on August 19, 2019, Plaintiff's requested a reopening and extension of discovery. (CM/ECF No. 48.) The

---

[1] Defendant Lin has not filed an Answer nor made any appearance in this case.

Court entered an Order on August 22, 2019, reopening discovery and extending it to October 15, 2019, and providing that all other provisions of the prior scheduling order shall continue to apply. (CM/ECF No. 50.) Following motion practice, several conferences with the Court, and the production of certain material by Defendants, on July 24, 2020, Plaintiff again requested discovery be reopened. (CM/ECF Nos. 76-78, 84.) On August 4, 2020, the Court entered an Order reopening and extending discovery to November 24, 2020. (CM/ECF No. 85.)

Plaintiff now seeks leave to amend the Complaint to add the aliases of two defendants, and to add three entities and four individuals as additional defendants in this case. (CM/ECF No. 87.) Specifically, Plaintiff seeks to add the aliases of Liang and Lin as "Zhen Chi Liang" and "Stanley Lin" respectively. Plaintiff seeks to add as defendants three companies which Plaintiff claims operate restaurants—one of which allegedly holds the lease to Soup Dumpling's premises. Plaintiff also seeks to add persons who allegedly have some connection to either Soup Dumpling (one or more of its shareholders) or to the three companies Plaintiff proposes as new defendants in this case. Defendants oppose the motion arguing that Plaintiff failed to meet her burden of showing good cause for the delay in seeking amendment, that the proposed claims are futile, and that Defendants will suffer undue prejudice if such motion is granted.

## **LEGAL STANDARD**

Motions to amend pleadings are governed by Federal Rule of Civil Procedure

15(a). Once a responsive pleading has been filed, "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend is generally granted unless there is: (1) undue delay or prejudice; (2) bad faith; (3) dilatory motive; (4) failure to cure deficiencies through previous amendment; or (5) futility. The ultimate decision to grant or deny leave to amend is a matter committed to the Court's sound discretion. *See, e.g., Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330 (1970).

## **DISCUSSION**

The Court will grant Plaintiff's motion insofar as it seeks to add the aliases of Liang and Lin in this case. These individuals are already defendants to the action. Amending the caption to include their "a/k/a/" identities will not delay the litigation or prejudice the existing parties. While the Court recognizes that Plaintiff's motion for leave may be out of the time prescribed by the Court's initial scheduling order, given that no prejudice will result from permitting an amendment to include the aliases, the Court will grant the relief sought. *See Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (prejudice to the non-moving party is the touchstone for denial of the amendment).

Plaintiff's motion for leave to amend is denied in all other respects. This case has been pending for nearly three years. Plaintiff's motion was filed long after the time to amend pleadings had expired, and nearly two years after the opening and several extensions of discovery, which were granted at Plaintiff's request.[2] Plaintiff has not

---

[2] Plaintiff filed her motion on September 4, 2020, before the close of the extended discovery period. The original

offered a good explanation as to why she waited so long to seek leave to amend. Nor does Plaintiff state in her moving papers exactly when the information relative to these new defendants was discovered.[3]

Plaintiff has had ample time to discover the existence of many of the parties she seeks to join as defendants by way of this motion. Indeed, to the extent Plaintiff claims that she was sent by Soup Dumpling to work at another restaurant for one week (and presumably it is one of the restaurants she seeks to add as a defendant), the identity of that restaurant was in Plaintiff's possession at the time of the event. Additionally, the entities and/or persons who own Soup Dumpling, or those that operate the restaurants that Plaintiff seeks to add as parties now, likely could have been discovered long ago through a professional search service or perhaps an internet search. *See Stallings ex rel. Estate of Stallings v. IBM Corp.,* Civ. No. 08–3121, 2009 WL 2905471, at *16 (D.N.J. Sept.8, 2009) (denying plaintiffs' motion to amend because they "had sufficient information to state the proposed claims well in advance of the Scheduling Order deadline")

Discovery with respect to these newly proposed defendants would be lengthy and complicated, particularly given that the case already has been conditionally certified as a collective action. To reopen discovery yet a third time relative to these newly identified defendants, in a case which was commenced almost three years ago, will undoubtedly

---

discovery end date, however, had been extended at least two times and had been open for more than two years.
[3] Plaintiff refers to a deposition in her moving brief. To the extent Plaintiff claims the information she seeks to amend her pleading with was learned from a deposition, she does not make clear when the deposition occurred and what precise information was revealed. If Plaintiff is referring to the deposition of Liang which, according to Defendants, occurred on August 5, 2020, Plaintiff fails to state with any specificity the information discovered from it. Additionally, the Court questions the integrity and value of the deposition given that, according to Defendants, the deposition took place in the absence of a court reporter and no transcripts of the deposition have been generated. (Def.'s Br. at 11.)

result in undue delay in a determination of liability as to the present parties.  *See Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) ("[l]eave to amend must generally be granted unless equitable considerations render it otherwise unjust").

 Notwithstanding that the standard for amendment is liberally construed, the concept of adding new parties at this late date is unreasonable.  The Court has an interest in the timely resolution of cases pending before it, and prolonging this litigation by adding seven new defendants at this late stage is contrary to that interest.

Additionally, aside from the obvious delay and prejudice that would occur if the motion were granted, there is a strong suggestion of futility surrounding some of the claims in Plaintiff's proposed amended complaint.   A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint that offers "labels and conclusions" and avers "naked assertion[s]" devoid of "further factual enhancement" will not suffice. Id. at 678 (quoting *Twombly*, 550 U.S. at 557).

While the individuals and corporate entities are alleged to have some kind of relationship with the current defendants, Plaintiff does not allege facts, specific to each, to necessarily support claims against them.[4]  Plaintiff's allegations are confusing, as well

---

[4] Plaintiff alleges that she was sent to work at one of the other restaurants (which Plaintiff seeks to add as a party) for a week and then was transferred back to Soup Dumpling.  It appears that Soup Dumpling, at all times, remained Plaintiff's employer and the proper party from whom any relief should be sought.  Should that not be the case,

as vague and conclusory in nature. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).

In sum, it is not efficient or fair to add seven new defendants to this case where the other defendants have been in the case for nearly three years, and have been subject to written discovery and depositions. It is quite conceivable that discovery upon the newly identified entities and individuals may reveal yet others who have a relationship with Soup Dumpling and its owners. From a case management perspective, it is not feasible—and in fact prejudicial to the other defendants—to allow amendments to add parties every time Plaintiff discovers that a person or entity has a relationship of any kind to Soup Dumpling.

## **CONCLUSION**

For the reasons stated above, Plaintiff's motion for leave to amend her Complaint is **granted in part**, and **denied in part**.

s/Mark Falk
**MARK FALK**
**United States Magistrate Judge**

**Dated: March 17, 2021**

Plaintiff's moving papers fail to make that clear.